## Harrison's Estate.

*Trusts and trustees—Separate use trust—Active trust.*

Where a testator gives a share of his estate to trustees "in trust for the sole and separate use .of my daughters respectively during their lives without the power of anticipation or disposing of the principal," and on the death of each daughter respectively, to her children, the trust will be construed as an active trust to support the remainder to the children, although the daughters were neither married nor in immediate contemplation of marriage at the time of the making of the will.

Argued Jan. 6, 1910. Appeal, No. 282, Jan. T., 1909, by Eliza H. Elliott, from decree of O. C. Phila. Co., April T., 1882, No. 250, dismissing exceptions to adjudication in Estate of Virginia T. S. Harrison, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Virginia T. S. Harrison directed by her will as follows:

"My estate shall be divided into as many shares as I may have children or issue of deceased children such issue taking their parents' share. One share I give to each of my sons or their issue if said sons or either of them should die before me. The shares of my daughters I devise to Charles J. Stille and my son John Harrison their heirs and assigns in trust for the sole and separate use of my said daughters respectively during their lives without the power of anticipation or disposing of the principal. On the death of each daughter respectively their share shall pass to their children; should there be no issue of my daughters respectively them surviving their shares shall pass to their brothers and sisters and the issue of such as may be deceased leaving issue such issue taking their parents' share: but if the said daughters should be unmarried at the time of their death I devise their shares to the uses of their wills respectively.

"The foregoing devises and bequests are all subject to the
life estate of my husband, to whom I give the whole of the said
estate for the term of his natural life."

One of the daughters married William H. Elliott, but at the
death of the testatrix and at the date of the will she was neither
married nor in contemplation of marriage. At the audit Mrs.
Elliott, being then a widow, claimed the principal of her share.

The court disallowed the claim.

On exceptions LAMORELLE, J., filed the following opinion:

While it is true that the trust is for the sole and separate use
of the daughters, and that, so far as Eliza H. Elliott is con-
cerned, it is void in that she was neither married nor in im-
mediate contemplation of marriage at the time of the making
of the will, yet the income is, in express terms, given her for
life only. Upon her death, the principal goes to her children,
if she leaves any her surviving; if not, to her remaining
brothers and sisters, and the issue of any then deceased; with
the right of disposing of her part by will if she dies unmarried.
One of the objects of the trust is, of course, to exclude a pos-
sible husband, either during the life of the wife or after her
death, but this is not the only purpose, and the auditing judge
was clearly right in refusing to decree it terminated (see Boyd's
Est., No. 1, 199 Pa. 487); for, until the death of Mrs. Elliott,
it is impossible to tell who will be entitled to the corpus.

It has been argued with much force and ability that the
question is governed by Neale's App., 104 Pa. 214, the princi-
ple of which is recognized in Quin's Est., 144 Pa. 444, but an
examination of these cases shows that they are not authorities
in point. In the former, a fund arising from a sale of real estate
in partition was before the court for distribution. Brown had
given his residuary estate to a granddaughter, for her sole and
separate use, and "the main question argued," according to
Mr. Chief Justice MERCUR, who delivered the opinion of the
court, was whether she was entitled to her share or whether
it was payable to a trustee for her. She was not married nor in
immediate contemplation of marriage at the time of the execu-
tion of her grandfather's will, though she was married at the

time of his decease. It was held that the separate use was void. The will did provide that if she died without issue, the devise should go to testator's "legal heirs"; but an "indefinite failure" was evidently contemplated, and, the separate use being out of the way, the fee, so far as real estate was concerned, vested in her. This phase of the case was taken for granted, since it was not alluded to either in the arguments of counsel or in the opinion of the court.

In Quin's Est., 144 Pa. 444, the earlier decision is approved; the case is on all fours, except that the principal was to vest in the daughter (for whom a separate use had been created), when and if she reached the age of thirty years. At the time of the audit she was forty years of age, and, as she was unmarried and not immediately contemplating marriage with any given person when the will was made, her share was awarded to her in her own right.

The exceptions are dismissed, and the adjudication confirmed absolutely.

*Error assigned* was the decree of the court.

*C. Berkeley Taylor*, for appellant, cited: Neale's App., 104 Pa. 214; Quin's Est., 144 Pa. 444.

There was no appearance or printed brief for appellee.

PER CURIAM, February 14, 1910:

The order of the court dismissing the exceptions and confirming the adjudication is affirmed on the opinion of Judge LAMORELLE.